JohnsoN, C. J. The main question involved in this case was decided by this court when it was here before. (See 4 Ark. Rep. 292.) It was then held that if the administrator of Ryan sold, and Cravens understood that he was purchasing, a pre-emption right, and that fact had been substantiated by the testimony, Cravens would have been entitled to relief. But if, on the contrary, the improvement alone was sold, he purchased at his peril, and must comply with his contract. The legal question having been settled, it only remains to be determined whether the fact, upon which it is made to depend, has been established by the proof in the case. The objection to the testimony for irregularity comes too late, as, if such irregularity in fact existed, it was virtually waived in the court below by the failure of the appellant to take his exception at the time it vims offered. It is contended, by the appellant’s counsel, that there is no proof which shows that the note sought to be canceled was executed in consideration of the improvement, or that no right of pre-emption in fact existed. These facts were expressly charged in the bill. The defendant below admitted the first and did not deny the last, but endeavored to escape the consequences by settingup and alleging that he did not pretend to sell any thing more than the improvement, and denied that he gave any assurances whatever of a pre-emption right. It was wholly unnecessary, therefore, that the testimony should have established that fact, as it was fully admitted by the answer. The objection to the bill, founded upon a want of equity and jurisdiction in the court, also came too late, as all such questions are thrown out of this case by the former adjudication of this court. The only question, therefore, that remains for our determination is, whether the administrator of Ryan sold, and Cravens understood that he was purchasing, a pre-emption right. Upon this point the proof is full and conclusive. The testimony adduced upon the first trial, in the circuit court, we consider greatly in favor of the complainant; but when that which was introduced upon the last is taken in connection with it, it is utterly impossible to doubt but that the administrator of Ryan sold, and that Cravens understood that he was purchasing, a pre-emption right. We are, therefore, of opinion that the decree of the Johnson circuit court ought, in all things, to be affirmed. The decree is affirmed.